Filed: 6/18/26  P. v. Hernandez CA2/8

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>    v.<br><br>NEIL SANCHEZ HERNANDEZ,<br><br>        Defendant and Appellant. | B346121<br><br>(Los Angeles County<br>Super. Ct. No. 24LBCF01017) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Laura R. Walton, Judge.  Affirmed.

Ava R. Stralla, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

In this criminal appeal, appellate counsel for defendant Neil Adan Sanchez Hernandez filed an opening brief raising no issues for our review but identifying one error in the abstract of judgment. Defendant has not personally filed a supplemental brief. Having reviewed the record ourselves, we affirm but order the abstract of judgment modified. (See *People v. Wende* (1979) 25 Cal.3d 436; see also *People v. Kelly* (2006) 40 Cal.4th 106.)

An August 2024 first amended complaint charged Hernandez with a single count of driving under the influence of alcohol within 10 years of a prior felony conviction for driving under the influence. (Veh. Code, §§ 23152, subd. (a), 23550.5, subd. (a).) The complaint alleged Hernandez refused to take a chemical test, subjecting him to additional punishment under Vehicle Code section 23538, subdivision (b)(2). The complaint alleged Hernandez had suffered convictions for several felonies, unrelated to driving under the influence, that presumptively precluded probation. (See Pen. Code, § 1203, subd. (e)(4).) And the complaint alleged several factors that might support an aggravated sentence.

Hernandez pleaded no contest to the charge of driving under the influence. He admitted the prior felony conviction for driving under the influence. And he admitted the sentence-enhancing allegations that he had refused a chemical test and had served a prior term in county jail or prison. The trial court selected a high-term sentence of three years but suspended this sentence and imposed probation. Conditions of probation included that Hernandez serve 180 days in county jail, that he not carry firearms or ammunition, and that he not drink alcohol or visit places where alcohol is the chief item for sale.

In early 2025, the People brought a new felony charge against Hernandez — possessing, controlling, or owning ammunition (Pen. Code, § 30305, subd. (a)(1)) — and contended the conduct underlying the charge evidenced violations of probation conditions. Police Officer Torres of the Bell Gardens police department testified at a combined preliminary hearing and probation revocation hearing. He had responded to a 911 call about a man with a gun. He observed Hernandez just outside the door of a bar. Hernandez did not match the description of the man with the gun, nor did Hernandez appear to have a gun. Hernandez, however, smelled strongly of alcohol, slurred his speech, was belligerent, and struggled to stay balanced and to answer the officer's questions. The officer's body-worn camera captured the interaction. Officer Torres arrested Hernandez for being intoxicated in a public place. After the arrest, officers discovered Hernandez's probation status and searched him. One officer, in Officer Torres's presence, found a live bullet in Hernandez's pants pocket.

Following this testimony, the trial court denied a motion to suppress premised on Hernandez not matching the 911 caller's description of the man with a gun. The call was irrelevant, ruled the court. The officer saw a drunk person in public in need of care and could investigate. The court then denied a motion to reduce the new offense to a misdemeanor. The trial court found sufficient cause to believe Hernandez was guilty of the new offense and, furthermore, revoked Hernandez's probation.

About a month later, in April 2025, Hernandez brought a motion under *People v. Marsden* (1970) 2 Cal.3d 118, which the court denied after a hearing. On that same day, the court also noted Hernandez had a pending motion for discovery under

*Pitchess v. Superior Court* (1974) 11 Cal.3d 531 (*Pitchess*) but delayed ruling on that motion at the request of the Bell Gardens police department.

On May 5, 2025, the trial court held a combined pretrial hearing and probation violation hearing. Hernandez offered no evidence beyond the preliminary hearing testimony. The court found Hernandez in violation of probation because he had possessed ammunition, consumed alcohol, and had visited a place where alcohol was the chief item for sale. The court agreed with the People to dismiss the new felony charge and then dismissed the pending *Pitchess* motion as moot. The trial court terminated probation, executed the stayed three-year sentence, with credit for 201 days, and continued any outstanding fines and fees.

Hernandez timely appealed.

On March 6, 2026, appellate counsel filed an opening brief raising no issues for our review. Before filing, counsel sent Hernandez a letter notifying him of this planned course of action. On the date of filing, counsel again wrote to Hernandez, informing him of the brief's filing and his right to file a supplemental brief. Counsel also provided Hernandez a copy of the record on appeal. Hernandez has not filed a supplemental brief.

We have examined the entire record. We are satisfied that no arguable issues exist on appeal and that defendant's appellate counsel has discharged the responsibilities arising under *People v. Wende* and its progeny. To the extent we could theorize a potential claim of ineffective assistance of counsel premised on proceeding with the probation violation hearing without the benefit of potential *Pitchess* material, the apparent video evidence of intoxication and our inability to ascertain defense

4

counsel's tactics mean this claim is not one that is arguable on direct appeal and should be raised, if at all, in a separate petition for habeas corpus.  (See *People v. Mendoza Tello* (1997) 15 Cal.4th 264, 266.)  We express no view on the merits of such a claim.

We do agree, however, with Hernandez's appellate counsel that the abstract of judgment should reflect that Hernandez was granted custody credits for his time in county jail under Penal Code section 4019, not Penal Code section 2933.  We will order this correction.

## DISPOSITION

We affirm the judgment.  We direct the trial court to amend the abstract of judgment to reflect Hernandez's custody credits are under Penal Code section 4019, and we direct the trial court to forward a certified copy of the amended abstract to the Department of Corrections and Rehabilitation.


SCHERB, J.


We concur:



STRATTON, P. J.



VIRAMONTES, J.

5